J. M. RICHARDSON LYETH, JR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 96956. Promulgated January 25, 1940.

*Allin H. Pierce, Esq.*, for the petitioner.
*L. S. Pendleton, Esq.*, for the respondent.

## OPINION.

ARUNDELL: This proceeding is before us on two motions, one by the respondent to dismiss for want of jurisdiction, and one by the petitioner for a decision in his favor on the pleadings and admission of counsel for the respondent.

The petition filed is based on a letter, signed by the Commissioner and sent to the petitioner by registered mail, reading in material part as follows:

TREASURY DEPARTMENT
Washington

Office of Commissioner
of Internal Revenue

Dec 29 1938.

MT–ET–9609–Massachusetts
Estate of Mary Beecher Longyear
Date of death—March 14, 1931

J. M. Richardson Lyeth, Jr., Transferee,
    2 Wall Street,
        New York, New York

Sir:

It is hereby determined that a deficiency in Federal estate tax in the sum of $43,275.67 (plus interest thereon) is due from the above-named estate, and that the said sum is also due from you, the said J. M. Richardson Lyeth, Jr., as transferee of said estate, and as the holder of property subject to a lien for Federal estate tax.

The deficiency is due to the following adjustment:

\*       \*       \*       \*       \*       \*       \*

However, as the periods allowed by the statute for the assessment of, or proceedings in court to collect, such deficiency, against the estate, the executors and the transferees, have all expired, no such assessment is proposed or will be made, and no such court proceedings will be brought.

The petition alleges error in the respondent's determination of transferee liability and in the respondent's failure to determine that the statute of limitations had run as to both the estate of Mary Beecher Longyear and any transferee. The respondent's motion to dismiss is based on the last paragraph of his letter, above quoted. He says that in view of that paragraph, there has been no proposal on his part to assess or collect any deficiency from the petitioner, and we are without jurisdiction to make any redetermination.

It is our opinion that the facts in this proceeding bring it within the statutory provisions defining the jurisdiction of the Board. Section 316 (a) of the Revenue Act of 1926 provides that the liability of a transferee (which includes heir, legatee, devisee, and distributee) shall be assessed, collected, and paid in the same manner and subject to the same provisions and limitations as in the case of a deficiency

in tax imposed by Title III, which is the title imposing estate tax. Section 308 (a), a part of Title III, as amended by section 501, Revenue Act of 1934, provides:

If the Commissioner determines that there is a deficiency in respect of the tax imposed by this title, the Commissioner is authorized to send notice of such deficiency to the executor by registered mail. Within 90 days after such notice is mailed (not counting Sunday or a legal holiday in the District of Columbia as the ninetieth day), the executor may file a petition with the Board of Tax Appeals for a redetermination of the deficiency. * * *

Section 308 (e) provides:

The Board shall have jurisdiction to redetermine the correct amount of the deficiency * * *.

Both parties have complied with the statutory prerequisites to bringing a proceeding within the jurisdiction of the Board. The Commissioner has determined that there is a deficiency in estate tax. This plainly appears from the first sentence in the letter quoted above, wherein he says, "It is hereby determined that a deficiency in Federal estate tax * * * is due * * *." The notice of this determination was sent by registered mail to the transferee. Within ninety days after the notice was mailed the transferee petitioned the Board for a redetermination. These facts fit precisely within the terms of section 308 (a), *supra*, and where such facts exist, then under section 308 (e) the Board has jurisdiction.

The Commissioner says that the effect of the statements in the last paragraph of the notice is to demonstrate that it is not a notice of determination of a deficiency. In that paragraph it is said that in view of the running of the statute of limitations no assessment of the deficiency will be made and no proceedings in court will be brought to collect it. These statements, the Commissioner says, bring this proceeding within the decision in *Tyson* v. *Commissioner*, 66 Fed. (2d) 160, wherein the Circuit Court of Appeals for the Seventh Circuit sustained the Board's dismissal of a proceeding for lack of jurisdiction. The letter upon which that proceeding was based spoke of a deficiency of $5,301.50 and said that the assessment thereof was barred, and also spoke of an erroneous refund of $2,063.29 and threatened suit for recovery under section 610 of the Revenue Act of 1928. The letters in the two cases are thus similar in that both refer to barred deficiencies. But there the similarity ceases. The essential matter in *Tyson's* case was not the determination of a deficiency in tax, but the collection of an erroneous refund. This is plain from the statement in the opinion:

That the Commissioner was not determining a deficiency tax, but was making a claim of an amount erroneously refunded is made certain by the succeeding paragraph:

"If check is not received in a reasonable length of time, the case will be referred to the General Counsel * * * for the institution of suit for recovery of the amount involved, as provided by section 610 of the Revenue Act of 1928."

The opinion further reads:

Either it [the letter] was a notice of determination of a deficiency tax or it was a statement of the Government's position respecting a claim it asserted under Section 610.

The letter in the present case contains no language upon which we may say that it had any purpose alternative to the determination of a deficiency. The plain language of the letter in this case is beyond question a notice of the determination of a deficiency, without alternative, and so the decision in *Tyson's* case is not controlling.

We are of the opinion that the notice sent to this petitioner meets the statutory requirements of a notice of the determination of a deficiency, and, as a timely petition was filed, the proceeding is within our jurisdiction. It follows that the motion to dismiss must be denied.

The motion of the petitioner for a decision requires little comment. The parties are in agreement that the statute of limitations for assessment and collection has run in favor of the estate, the executors, and the transferees. We so hold, and the petitioner is entitled to a decision that there is no deficiency in estate tax and that there is no liability on his part as transferee of the estate of Mary Beecher Longyear, deceased.

Reviewed by the Board.

> *Order will be entered denying respondent's motion to dismiss; decision will be entered for the petitioner.*

Opper dissents.

---

Black, dissenting: I do not think that the Commissioner has determined a deficiency within the meaning of the applicable statute quoted in the majority opinion. Undoubtedly the first part of the Commissioner's letter of December 29, 1938, to the taxpayer would have been a valid determination of a deficiency, if it had stopped there. But it seems to me that the first part of the letter is completely nullified, in so far as a deficiency in estate tax is concerned by the concluding paragraph of the letter, which reads as follows: "However, as the periods allowed by the statute for the assessment of, or proceedings in court to collect, such deficiency, against the estate, the executors and the transferees, have all expired, no such assessment is proposed or will be made, and no such court proceedings will be brought."

Section 906 (e), Revenue Act of 1926, reads as follows:

(e) If the assessment or collection of any tax is barred by any statute of limitations, the decision of the Board to that effect shall, for the purposes of this title and of the Revenue Act of 1926, be considered as its decision that there is no deficiency in respect of such tax.

Of course the above quoted language of the statute is intended to apply to cases which have been appealed to the Board from valid determinations of deficiencies by the Commissioner and where subsequently the Commissioner either concedes that the statute of limitations has run or the Board finds from the evidence that it has run.

Here the Commissioner conceded beforehand that the statute of limitations has run, and therefore he proposes no assessment or collection of the so-called deficiency. What he has done is a mere futility in so far as any deficiency is concerned. It would, in my opinion, be an idle thing for us to take jurisdiction of such a proceeding because there is nothing for us to decide. Certainly the law does not require us to do a futile thing.

I think in the instant case that *Tyson* v. *Commissioner, supra,* quoted in the majority opinion, affirming the Board's dismissal of that proceeding, is controlling.

It is true of course, as pointed out in the majority opinion, that there were some differences in the purpose of the Commissioner's letter in the *Tyson* case from those present in the instant case, but I do not think those differences are substantial enough to justify a distinction in the Board's action in the two cases. The court in the *Tyson* case, after stating that it was in no way passing upon the Commissioner's claim that Tyson had been paid an erroneous refund, said:

* * * We are merely holding that the Board of Tax Appeals is an administrative body with limited jurisdiction; that its powers are prescribed by Congressional enactment; that before its jurisdiction may be invoked, the Commissioner must have given the required notice of a determination of a deficiency tax. In other words, unless the Commissioner makes a *reviewable order* (in this case a determination of a deficiency) no review from the order of the Board of Tax Appeals lies. [Italics supplied.]

It seems to me that the letter of the Commissioner to the taxpayer in the instant case, set out in the majority opinion, does not present any "reviewable order," to use the language of the court in the *Tyson* case. Therefore, there is nothing for us to hear and decide and we should dismiss the proceeding for lack of jurisdiction. For the reasons which I have herein stated, I respectfully dissent from the majority opinion.

TURNER and MELLOTT agree with this dissent.