Gerald S. Goodman v. Commissioner.
Goodman v. Commissioner
Docket No. 64815.
United States Tax Court
T.C. Memo 1959-149; 1959 Tax Ct. Memo LEXIS 100; 18 T.C.M. (CCH) 642; T.C.M. (RIA) 59149; July 20, 1959
*100 Notice of deficiency is not invalid merely because Commissioner of Internal Revenue failed to refund overpayment of tax resulting from taxes withheld from petitioner's wages prior to issuance of notice. Stan L. Lenchek, Esq., 1415 S. Muskego Ave., Milwaukee, Wis., for the petitioner. James T. Wilkes, Jr., Esq., for the respondent. DRENNEN
Memorandum Opinion DRENNEN, Judge: Respondent determined a deficiency in petitioner's income tax for the taxable year 1954 in the amount of $138. The sole issue is whether the statutory notice of deficiency issued to petitioner is valid. All of the facts are stipulated and are found as stipulated. Petitioner, an individual residing in Milwaukee, Wisconsin, filed his income tax return for the calendar year 1954 with the district director of internal revenue at Milwaukee, Wisconsin. In his return, received by the district director on March 31, 1955, petitioner computed his tax liability to be $556. Having reported the amount of $801.18 withheld from his wages during the year, petitioner in the return indicated an overpayment of $245.18, and by appropriate marking on his return, requested that this overpayment be refunded to him. Respondent, on the *101 basis of a pre-refund audit, disallowed certain claimed automobile and meal expenses and, as a result, recomputed petitioner's tax liability to be $694. The difference between this latter amount and the $556 reported by petitioner, or $138, was determined to be a deficiency, and on August 10, 1956 respondent issued by registered mail a statutory notice of deficiency. The notice of deficiency was on respondent's standard notice of deficiency form (Form 1230) and contained the following statement: "The determination of your income tax liability for the taxable year ended December 31, 1954 discloses a deficiency or deficiencies of $138.00 as shown in the statement attached. "In accordance with the provisions of existing internal revenue laws, notice is hereby given of the deficiency or deficiencies mentioned." The rest of the letter contained no language that it had any purpose alternative to the determination of a deficiency, but merely notified petitioner of his right to file a petition with this Court within 90 days and requested execution of agreement form (Form 870) in the event petitioner did not desire to file such a petition. (Compare Tyson v. Commissioner, 66 Fed. (2d) 160 (C.A. *102 7), affirming a Memorandum Opinion of this Court; J. M. Richardson Lyeth, Jr., 41 B.T.A. 186; Estate of Charles Schmalstig, 43 B.T.A. 433 Attached to the notice of deficiency was an explanation of the items disallowed and the computations used to arrive at the amount of the deficiency. These computations also corrected petitioner's reported overpayment of $245.18 to $107.18, or a reduction of $138, the deficiency determined by respondent. The overpayment of $107.18 has not been refunded or paid by respondent to petitioner. Petitioner does not now contest the expense deductions disallowed by respondent. He attacks only the validity of the deficiency notice, and bases it on the fact that respondent issued the notice before making a refund of petitioner's asserted overpayment. Briefly, petitioner contends that the determination of a deficiency by respondent prior to refund and respondent's pre-refund audit program circumvents procedures prescribed by Congress. In creating the Tax Court, so petitioner argues, Congress was giving taxpayers an absolute election to procure court review before payment of any of the taxes in controversy. By auditing petitioner's return and determining a deficiency *103 prior to the refund of the overpayment, respondent is denying petitioner his right to come before the Tax Court before payment of the tax. Petitioner also claims that respondent's pre-refund audit procedure, as well as his refusal to make the refund, contravenes sections 6401 and 6402, I.R.C. 1954, and its predecessor in the 1939 Code, section 322(a) which, according to petitioner, requires the immediate refund of wage-withholding overpayments. As a result, petitioner would have us hold that the action of respondent in issuing a deficiency notice while an overpayment remains outstanding and unrefunded is invalid. We find petitioner's contentions under the circumstances of this case without merit. Contrary to his assertions, Congress has explicitly provided for the possibility of a simultaneous deficiency and overpayment due to withholding on wages. "Deficiency" is defined in section 6211, [1] *105 I.R.C. 1954, (carried over substantially intact from section 271, I.R.C. 1939) as the excess of the tax imposed over the amount shown as the tax by the taxpayer on his return; subsection (b), however, expressly directs that the tax imposed and the tax returned shall both be determined without regard *104 to the credit for taxes withheld from wages under section 31, I.R.C. 1954. The existence, then, of an overpayment due to excess wage withholding would not affect the determination of a valid deficiency. Paul Irwin Redcay, 12 T.C. 806. In addition, section 6512(b), [2] I.R.C. 1954, (carried over from section 322(d), I.R.C. 1939) vests in the Tax Court jurisdiction to determine the amount of overpayments in instances where a deficiency is also found, as is the case here. Both of the cited provisions, the one enlarging the Tax Court's jurisdiction and the other excluding credit for withheld wages in determining *106 a "deficiency" have their source in section 14 of the Individual Income Tax Act of 1944. The amendments to sections 322(d) and 271 were necessitated by the then recently adopted system of tax collection by estimated tax payments and withholding at the source. Concerning the provision for the Court's jurisdiction, the Senate Finance Committee in its report stated: "Inasmuch as under the new system of tax collection it is possible that there may be a deficiency, within the meaning of the definition, for a taxable year in which there is also an overpayment, subsection (d) of section 14 amends section 322(d) of the Code to authorize The Tax Court to determine the amount of the overpayment in such cases. [S. Rept. No. 885, 78th Cong., 2d Sess., p. 41.]" There appears to be no question, then, that Congress contemplated the existence of a statutory "deficiency" in the face of a concurrent overpayment. See also Ernest J. Keefe, 15 T.C. 947. And since this situation would never arise if overpayments were always refunded prior to the determination of a deficiency by respondent, it is belaboring the obvious to point out that Congress did not intend to make such a refund a condition precedent *107 to the issuance of a valid notice of deficiency based on a deficiency determined in accordance with the statute. The record is clearly contrary to petitioner's assertion that Congress has given him an absolute right under all circumstances to a review by this Court before any payments were to be made to the Government. Nor do sections 6401 and 6402, [3] *108 I.R.C. 1954, (derived each in part from sections 322 and 3770, I.R.C. 1939), relied on heavily by petitioner, require that refunds of overpayments be made before a deficiency notice is issued. Section 6401 provides that certain amounts, including the excess of amounts allowable as a credit under section 31, I.R.C. 1954, over the tax imposed against which the credit is allowable, shall be included in the term "overpayment." Section 6402(a) authorizes the crediting of any overpayment against any tax liability and the refund of any balance. Should we sustain respondent here we assume he will do exactly that. Petitioner cites no authority in support of his claim that these provisions invalidate *109 a notice of deficiency issued before refund of the overpayment, and we are aware of none. Petitioner does not deny that a statutory "deficiency" exists and that, with certain exceptions not here pertinent, respondent must issue the statutory notice of deficiency before he can assess the deficiency (section 6213, I.R.C. 1954). The notice of deficiency issued here was valid and the fact that it was issued prior to refund of an overpayment resulting from tax withheld from petitioner's wages does not make it any less so. The deficiency is properly before this Court and in the absence of evidence to the contrary, respondent's determination thereof is presumed to be correct, and we so hold. As for the pre-refund audit program, petitioner has offered no evidence as to the procedures by which he is purportedly aggrieved. Nowhere in petitioner's presentation are we shown in what manner any procedure is contrary to any of the provisions of the Code, and more specifically sections 6401 or 6402. As for the pre-refund program, generally: "[We] are without jurisdiction to consider and determine the propriety of the respondent's motives in making such determinations, H. F. Kerr, 5 B.T.A. 1073, or *110 the propriety of the administrative policy and procedures he employed prior to making such determinations, Clois L. Greene, 2 B.T.A. 148; Southern California Loan Association, 4 B.T.A. 223; Levine Brothers Co., Inc., 5 B.T.A. 689. [Charles Crowther, 28 T.C. 1293.]" Decision will be entered that there is a deficiency in the amount of $138, and that there is an overpayment of tax in the amount of $107.18. Footnotes
1. SEC. 6211. DEFINITION OF A DEFICIENCY. (a) In General. - For purposes of this title in the case of income, estate, and gift taxes, imposed by subtitles A and B, the term "deficiency" means the amount by which the tax imposed by subtitles A or B exceeds the excess of - (1) the sum of (A) the amount shown as the tax by the taxpayer upon his return, if a return was made by the taxpayer and an amount was shown as the tax by the taxpayer thereon, plus (B) the amounts previously assessed (or collected without assessment) as a deficiency over - (2) the amount of rebates, as defined in subsection (b)(2), made. (b) Rules for Application of Subsection (a). - For purposes of this section - (1) The tax imposed by chapter 1 and the tax shown on the return shall both be determined without regard to payments on account of estimated tax, without regard to the credit under section 31↩, and without regard to so much of the credit under section 32 as exceeds 2 percent of the interest on obligations described in section 1451. 2. SEC. 6512. LIMITATIONS IN CASE OF PETITION TO TAX COURT. (b) Overpayment Determined by Tax Court. - (1) Jurisdiction to determine. - If the Tax Court finds that there is no deficiency and further finds that the taxpayer has made an overpayment of income tax for the same taxable year, of gift tax for the same calendar year, or of estate tax in respect of the taxable estate of the same decedent, in respect of which the Secretary or his delegate determined the deficiency, or finds that there is a deficiency but that the taxpayer has made an overpayment of such tax, the Tax Court shall have jurisdiction to determine the amount of such overpayment, and such amount shall, when the decision of the Tax Court has become final, be credited or refunded to the taxpayer.↩
3. SEC. 6401. AMOUNTS TREATED AS OVERPAYMENTS. (a) Assessment and Collection After Limitation Period. - The term "overpayment" includes that part of the amount of the payment of any internal revenue tax which is assessed or collected after the expiration of the period of limitation properly applicable thereto. (b) Excessive Withholding. - If the amount allowable as a credit under section 31 (relating to credit for tax withheld at the source under chapter 24) exceeds the taxes imposed by chapter 1 against which such credit is allowable, the amount of such excess shall be considered an overpayment. SEC. 6402. AUTHORITY TO MAKE CREDITS OR REFUNDS. (a) General Rule. - In the case of any overpayment, the Secretary or his delegate, within the applicable period of limitations, may credit the amount of such overpayment, including any interest allowed thereon, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment and shall refund any balance to such person. (b) Credits Against Estimated Tax. - The Secretary or his delegate is authorized to prescribe regulations providing for the crediting against the estimated income tax for any taxable year of the amount determined by the taxpayer or the Secretary (or his delegate) to be an overpayment of the income tax for a preceding taxable year.↩