ESTATE OF PAULINE M. PFOHL, DECEASED, LOUIS H. PFOHL, EXECUTOR, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 10823–76.      Filed December 6, 1977.

*Donald C. Christ* and *Jeffry N. Grabel,* for the petitioner.
*Michael P. Casterton,* for the respondent.

OPINION

TANNENWALD, *Judge:* In his notice of deficiency, respondent determined, among other things, that certain U.S. Treasury bonds, of a type eligible for use in payment of estate tax liabilities, were includable in decedent's gross estate at their par value rather than their fair market value at the date of death. See *Bankers Trust Co. v. United States,* 284 F.2d 537 (2d Cir. 1960); Rev. Rul. 69–489, 1969–2 C.B. 172; Rev. Proc. 69–18, 1969–2 C.B. 300. The deficiency notice went on to state that the inclusion of such bonds at par value—

is made solely for protective purposes in the event that the Bureau of Public Debt determines that the bonds were redeemable at par value in payment of the estate tax liability. In the event that it is finally determined by the Bureau of Public Debt that the Treasury Bonds are ineligible for the payment of estate taxes, then, to the extent permitted by Section 6512(a) of the Internal Revenue Code of 1954, the estate tax liability will be reduced accordingly.

The petition put the entire amount of the deficiency in issue, although the amount of such bonds which was to be included at par value was obviously related to the total amount of the estate tax, including any deficiency ultimately determined to be due.[1]

Subsequent to the time this case became at issue, the Bureau of Public Debt, to which the bonds were presented for redemption, refused to honor the bonds on the ground (according to the Bureau) that they were acquired after decedent became

---

[1] All disputed items other than the one dealing with the includability of the bonds have been settled by the parties.

incompetent and that decedent was therefore not the owner of the bonds at the time of her death.

As a result of the action of the Bureau of Public Debt, the parties herein became enmeshed in a dispute regarding the jurisdiction of this Court to deal with the issue of the ownership of the bonds—an issue which is intertwined with the extent to which such bonds are includable in the decedent's gross estate. Petitioner vigorously contests this Court's jurisdiction on the ground that the critical issue to be decided is the validity of the action of the Bureau of Public Debt and that this is a nontax matter which it is not within this Court's competence to resolve.[2] Respondent, on the other hand, asserts that this Court clearly has jurisdiction on the basis that the issue simply involves the questions of ownership and valuation of property in order to determine includability under section 2033[3] and that the action of the Bureau of Public Debt is subsumed within these questions. The Court, on its own motion, has severed the jurisdictional issue, and it is to that issue that we now direct our attention.

Initially, we note that if it were not for section 6312, which permits the use of certain obligations of the United States in payment of Federal tax liabilities, and the fact that this Court is not involved in the process of collecting taxes determined to be due (see *Commissioner v. Gooch Milling & Elevator Co.*, 320 U.S. 418 (1943); *Estate of Want v. Commissioner*, 29 T.C. 1223, 1239 (1958), modified and revd. on other grounds 280 F.2d 777 (2d Cir. 1960)), the jurisdictional issue would in all probability never be raised. Both parties are concerned with the whipsaw possibilities involved in the instant situation. Petitioner foresees the possibilities that we might determine that the Treasury bonds were validly issued and redeemable at par but that the respondent, because of the position taken by the Bureau of Public Debt, might refuse to accept them in payment in that amount and that such position might be sustained in a suit by the Government for collection of taxes due or by the estate to enforce the redemption of the bonds at their par value.

---

[2] Petitioner does not contend that the conditional nature of the deficiency notice insofar as it relates to the Treasury bonds makes the notice invalid. See *Estate of Goodall v. Commissioner*, 391 F.2d 775, 784 (8th Cir. 1968), affg. on this issue T.C. Memo. 1965–154.

[3] All section references herein are to the Internal Revenue Code of 1954, as amended and in effect at the date of death.

Respondent sees the potential for the possibilities occurring in reverse but is content to have us decide the question at hand because he is confident that the decision will be binding upon the Bureau of Public Debt (which has filed a consent so to be bound herein) and will thus effectively dispose of the whipsaw problem. Petitioner does not share respondent's confidence, because, as he puts it—

the parties to this proceeding, even with the consent of the Bureau of Public Debt, cannot, by agreement between them, confer subject matter jurisdiction upon this Court and thereby usurp the authority of the Bureau of Public debt and the courts of general jurisdiction authorized to review the decision of that Federal agency.

We think petitioner misconceives the nature of the question which this Court must ultimately decide herein. That question is: What were decedent's rights in the bonds at the date of her death and to what extent should the bonds be included in her gross estate? This question inheres in any situation where the ownership of property is challenged and/or its valuation disputed as a consequence and has been considered and decided by this Court in innumerable cases. The fact that a branch of the United States Government other than the Internal Revenue Service is also involved does not require that we invert the issue into one involving the validity of the claim against the Government to which the question of the extent of includability is subordinated. In *Lewicki v. Commissioner*, T.C. Memo. 1974-86, relied upon by petitioner, the taxpayer was seeking to have us decide a purported claim against the Bureau of Public Debt totally unrelated to the tax issues before this Court. It is obviously distinguishable. Similarly, the fact that the substantive issue may require us to delve into the question of decedent's competency is not a barrier to decision. Cf. *Estate of Gilchrist v. Commissioner*, 69 T.C. 5 (1977); *Estate of Bettin v. Commissioner*, T.C. Memo. 1974-102.

The long and the short of the matter is that we undoubtedly have jurisdiction over the disputed substantive issue. We would be inclined to reach this conclusion independently of any question as to the binding effect of our decision on the Bureau of Public Debt, since, as we see it, there is a properly issued deficiency notice, a timely petition was filed, and the issue to be decided is the estate tax issue of the extent of includability of property in which it is asserted decedent had an interest at the

date of her death. In our judgment, that is all that is required. Cf. *McGowan v. Commissioner*, 67 T.C. 599 (1976); *Lyeth, v. Commissioner*, 41 B.T.A. 186 (1940). But the fact of the matter is that our opinion would, in any event, be binding upon the Bureau of Public Debt, which is not only part of the United States Government but a part of the same executive department as respondent. *Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 402, 403 (1940); *River Valley, Inc. v. Dubuque County*, 507 F.2d 582 (8th Cir. 1974). The binding effect of a decision on the substantive issue herein is reinforced by the written undertaking by the Bureau of Public Debt.

In accordance with the foregoing, the instant case should proceed to trial on the merits unless the parties herein (including the Bureau of Public Debt) should conclude that the Treasury Bonds were validly acquired on decedent's behalf (see *Estate of Watson v. Simon*, F. Supp. (S.D.N.Y. 1977)) or otherwise dispose of the case by mutual agreement.

*An appropriate order will be issued.*