ESTATE OF AL J. SCHNEIDER, DONALD J. SCHNEIDER, ET AL., PERSONAL REPRESENTATIVES, AND AGNES SCHNEIDER, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 6234-79.　　　Filed November 6, 1989.

*Robert E. Nelson, Arthur Kaftan,* and *Brian R. Mudd,* for the petitioners.

*Richard G. Goldman* and *Terry W. Vincent,* for the respondent.

### OPINION

CHABOT, *Judge:* This matter is before us on respondent's motion for liquidation and distribution of collateral for satisfaction of liability secured by appeal bond.

The instant case deals with respondent's determination of deficiencies in Federal individual income taxes for 1975 and 1976 against Al J. Schneider and Agnes Schneider. After the trial of this case, Al J. Schneider (hereinafter sometimes referred to as decedent) died and his estate was substituted as petitioner.

In our opinion in *Estate of Schneider v. Commissioner,* 88 T.C. 906 (1987), we held for respondent on the controverted issues. Decision was entered for income tax deficiencies of $17,046 and $20,716 for 1975 and 1976, respectively.

Petitioners appealed our decision and, on October 6, 1987, filed a bond in the amount of $80,000. See section 7485.[1]

---

[1]Unless indicated otherwise, all section references are to sections of the Internal Revenue Code of 1986 as in effect at the present time.

Our decision was affirmed by the Court of Appeals for the Seventh Circuit. 855 F.2d 435 (7th Cir. 1988).

It is represented to the Court that decedent's estate tax liability was settled between the estate and respondent, without consideration being given to any deduction allowable as a claim against the estate on account of deficiencies for 1975 and 1976 income taxes. It is further represented to the Court that (1) such a claim would reduce the estate tax liability by more than $15,000; (2) the statute of limitations has run on filing any claim for refund of the estate tax and no such claim was timely filed; (3) petitioners' 1975 and 1976 income tax deficiencies have been assessed and respondent has given notice and demand for payment; and (4) the 1975 income tax deficiency was paid in full on October 5, 1989, and the amount owed on account of the 1976 income tax deficiency, including interest, is less than the $80,000 face amount of the bond.

Respondent contends that petitioners have refused to pay their 1975 and 1976 income tax deficiencies,[2] that petitioners are not entitled to the benefit of equitable recoupment in this Court and in general, and that respondent should be allowed to collect on the bond that had been posted to stay collection pending appeal.

Petitioners seek application of the doctrine of equitable recoupment, under which a claim for a refund of taxes barred by a statute of limitations may nevertheless be recouped against a tax claim of the Government. *Bull v. United States,* 295 U.S. 247 (1935). See Black's Law Dictionary (1979) at 484. Petitioners assert that "The Estate has consistently evidenced a willingness to pay * * * [the 1975 and 1976] income tax deficiencies * * * if the Internal Revenue Service would give the Estate credit for the reduction in federal estate tax under the doctrine of recoupment." Petitioners contend that they have satisfied all the requirements for equitable recoupment and are entitled to have that doctrine applied on their behalf in the instant case.

We agree with respondent.

---

[2]Petitioners' payment as to 1975 was made after respondent's motion was filed and after the Court's last conference call with the parties.

Petitioners invoked this Court's jurisdiction to redetermine the deficiencies that respondent had determined in petitioners' 1975 and 1976 income taxes. We exercised our jurisdiction, entered our decision, and saw our decision affirmed. That decision has now become final. Sec. 7481. We are not asked to vacate that decision, or to grant ancillary relief under any of the provisions that the Congress has enacted (see, e.g., sec. 7481(c) and (d)). Thus, the jurisdiction that was invoked has been exercised and nothing remains for us to do in the instant case as to the amounts of petitioners' 1975 and 1976 income tax deficiencies.

In the instant case, the claim for application of the doctrine of equitable recoupment came after we redetermined the deficiencies. It is clear that, even if the matter had been raised at an earlier stage, we would not have jurisdiction to consider the doctrine. In order to consider the doctrine, presumably as an affirmative defense to respondent's determinations in the notice of deficiency, we would have had to determine (among other matters) whether there was an overpayment of decedent's estate's estate tax. We do not have authority to determine such an overpayment, absent an estate tax notice of deficiency and a timely petition from that notice of deficiency. *Estate of Van Winkle v. Commissioner*, 51 T.C. 994, 999-1000 (1969). See *Commissioner v. Gooch Co.*, 320 U.S. 418, 421 (1943). See also *Commissioner v. McCoy*, 484 U.S. 3 (1987). Consequently, we do not have authority to apply equitable recoupment in the instant case.

We do have authority, under section 6214(b), to consider facts relating to other taxable periods insofar as they may affect the income tax deficiencies before us. However, no contention is made that decedent's estate's estate tax liability has any effect on petitioners' income tax liability for either of the years before us. See *Commissioner v. Gooch Co.*, 320 U.S. at 420-421.

Decedent's estate filed an appeal bond in the amount of $80,000 on October 6, 1987. Under section 7485(a)[3] the

---

[3]SEC. 7485. BOND TO STAY ASSESSMENT AND COLLECTION.

(a) Upon Notice of Appeal.—Notwithstanding any provision of law imposing restrictions on the assessment and collection of deficiencies, the review under section 7483 shall not operate as a stay of assessment or collection of any portion of the amount of the deficiency determined

effect of this appeal bond was to stay assessment and collection of the 1975 and 1976 income tax deficiencies after entry of our decision, until our decision became final. Our decision has become final and respondent is entitled to the benefit of the security that the appeal bond was to provide. *Estate of Kahn v. Commissioner,* 60 T.C. 964, 966-967 (1973).

In *Poinier, Transferee v. Commissioner,* 90 T.C. 63 (1988), we held that the amount of an appeal bond under section 7485 may not be reduced by the amount of any pending claims for refund. Petitioners correctly point out that *Poinier* involved the amount of the bond to be posted, while the instant case involves the disposition of the bond after the appeal. They also contend that *Poinier* is distinguishable because "These claims for refund [in *Poinier*] were not before the court and the court had no way to determine whether such claims were meritorious or not and whether or not they could possibly be denied by the Service."

In the instant case, too, we do not know whether the claim for equitable recoupment can be successfully denied or opposed by respondent if presented administratively or in an appropriate judicial forum. As a result, we cannot properly treat the recoupment claim as merely a computational matter. Rather, we regard the equitable recoupment claim as a matter outside our present jurisdiction to determine on its merits. Paralleling our approach in *Poinier,* since we do not have jurisdiction to determine the outcome of that claim, we ignore it in determining the disposition of the bond.

As we have noted, it has been represented that the remaining liability that the appeal bond secured is now less than the face amount of the appeal bond. Accordingly, the parties are to submit to the Court their computations as to

---

by the Tax Court unless a notice of appeal in respect of such portion is duly filed by the taxpayer, and then only if the taxpayer—

(1) on or before the time his notice of appeal is filed has filed with the Tax Court a bond in a sum fixed by the Tax Court not exceeding double the amount of the portion of the deficiency in respect of which the notice of appeal is filed, and with surety approved by the Tax Court, conditioned upon the payment of the deficiency as finally determined, together with any interest, additional amounts, or additions to the tax provided for by law, or

(2) has filed a jeopardy bond under the income or estate tax laws.

If as a result of a waiver of the restrictions on the assessment and collection of a deficiency any part of the amount determined by the Tax Court is paid after the filing of the appeal bond, such bond shall, at the request of the taxpayer, be proportionately reduced.

(1) whether the remaining liability (without giving effect to petitioners' claim for equitable recoupment) is less than the face amount of the appeal bond and (2) if so, then the amount by which the face amount of the appeal bond exceeds the liability.

Accordingly, respondent's motion for liquidation and distribution will be granted, except to the extent that the parties' computations show that the face amount of the appeal bond exceeds the remaining liability; the amount of such excess, if any, is to be returned to the petitioner that posted the bond.

*An appropriate order will be issued.*