LOIS W. POINIER, AS TRANSFEREE OF HELEN WODELL HALBACH, ET AL.,[1] PETITIONERS v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 23881-81, 23882-81, 23883-81.     Filed January 7, 1991.

*Geoffrey J. O'Connor,* for the petitioners.
*Leslie J. Spiegel,* for the respondent.

[1]Cases of the following petitioners are consolidated herewith: W. Page Wodell, as transferee of Helen Wodell Halbach, docket No. 23882-81; and Estate of Helen Wodell Halbach, Deceased, Lois Wodell Poinier, Executrix, docket No. 23883-81.

OPINION

TANNENWALD, *Judge:* This case is again before us on a motion by petitioners to release and modify the surety bond secured by a letter of credit filed by petitioners pursuant to our opinion in *Poinier v. Commissioner,* 90 T.C. 63 (1988), in connection with their appeal from our decisions in *Poinier v. Commissioner,* 86 T.C. 478 (1986), entered in all three dockets on August 24, 1987. Our decision in docket No. 23883-81 was affirmed and our decisions in docket Nos. 23881-81 and 23882-81 were affirmed in part and reversed in part by the U.S. Court of Appeals for the Third Circuit on September 30, 1988 (858 F.2d 917). New decisions were entered by this Court on August 11, 1989, in docket Nos. 23881-81 and 23882-81 pursuant to the opinion and mandate of the Court of Appeals. The substantive issue involved in the foregoing proceedings was the liability ·of petitioner Estate of Helen Wodell Halbach for gift tax, resulting from a disclaimer executed by the decedent in 1970, and that of the other two petitioners as donee-transferees.[2]

The bond involved herein was fixed at $5,544,993.86 pursuant to our opinion in 90 T.C. 63. That amount adopted the calculation offered by respondent which used the gift tax deficiency of the Estate of Helen Wodell Halbach found by the Court in the amount of $4,881,386.52 as a starting point, subtracted therefrom prior payments in the aggregate amount of $1,788,822.70 that had been made in respect of the liability represented by the deficiency and $320,066.89 representing an estate tax overpayment resulting from our decision in docket No. 7099-76, *Estate of Halbach v. Commissioner,* 71 T.C. 141 (1978), and T.C. Memo. 1980-309, and multiplied by 2 the resulting unpaid deficiency in the amount of $2,772,496.93. The amount so fixed ($5,544,993.86) was far less than the amount of the gift tax deficiency plus interest since April 15, 1971, representing the liability of the Estate of Helen Wodell Halbach, and reflected the limitation on the maximum amount established by section 7485[3] which provides in pertinent part:

---

[2]The disclaimer was also involved in prior proceedings in this Court in respect of estate tax liability of the Estate of Helen Wodell Halbach. *Estate of Halbach v. Commissioner,* 71 T.C. 141 (1978), and T.C. Memo. 1980-309 (docket No. 7099-76).

[3]All statutory references are to the Internal Revenue Code as amended.

SEC. 7485(a). UPON NOTICE OF APPEAL.—Notwithstanding any provision of law imposing restrictions on the assessment and collection of deficiencies, the review under section 7483 shall not operate as a stay of assessment or collection of any portion of the amount of the deficiency determined by the Tax Court unless a notice of appeal in respect of such portion is duly filed by the taxpayer, and then only if the taxpayer—

(1) on or before the time his notice of appeal is filed has filed with the Tax Court a bond in a sum fixed by the Tax Court *not exceeding double the amount of the portion of the deficiency in respect of which the notice of appeal is filed,* and with surety approved by the Tax Court, conditioned upon the payment of the deficiency as finally determined, together with any interest, additional amounts, or additions to the tax provided for by law, or

(2) has filed a jeopardy bond under the income or estate tax laws.

*If as a result of a waiver of the restrictions on the assessment and collection of a deficiency any part of the amount determined by the Tax Court is paid after the filing of the appeal bond, such bond shall, at the request of the taxpayer, be proportionately reduced.*

[Emphasis added.]

The liability of each of the donee-transferees in respect of the deficiency plus interest thereon since April 15, 1971, was limited as a result of the decision of the Court of Appeals for the Third Circuit, 858 F.2d 917, to $5,225,311.71. The parties are in agreement that all payments relieve each party of liability pro tanto.

The bond is a single document signed by each of the petitioners in which they bind themselves to pay respondent $5,544,993.86. The bond provides that the obligation shall be voided if petitioners "shall pay the deficiency as finally determined together with any interest provided by law," but is silent as to whether the obligation is joint or several or both. The bond further provides that in the event of notice that the letter of credit will not be renewed, petitioners "waive all restrictions on assessment and collection of the taxes, interest, additional amounts or additions to tax involved in this case and, in any event, such restrictions are waived from and after November 30, 1990."

The bond is secured by a letter of credit in the amount of $5,544,993.86 which was issued by the Summit Trust Co. (the bank) of Chatham, New Jersey, and which specifies an original expiration date of January 31, 1989, automatically renewable, in the absence of notice to the contrary, for 1-year periods with an ultimate expiration date of January

31, 1991. Pertinent provisions of the letter of credit are as follows:

> We [the bank] hereby establish our Irrevocable Letter of Credit No. 3573 in favor of the Internal Revenue Service ("IRS"), Washington, D. C. for account of Lois W. Poinier, W. Page Wodell, and the Estate of Helen Halbach, Deceased, Lois W. Poinier, Executrix.

> \* \* \* \* \* \* \*

> If the taxpayers shall otherwise pay the entire deficiency as finally determined, together with any interest, additional amounts or additions provided by law, this Letter of Credit shall be void.

Since the issuance of the bond, $2,952,036.26 has been paid on account of the gift tax liability plus interest, of which it appears that $600,000 was paid in January 1989 and the balance of approximately $2.3 million after the decisions herein became final. Petitioners claim that the amount of the bond should be reduced at least to this extent and also further reduced by the amount of income tax refunds due petitioner Lois W. Poinier totaling $565,385, and by an income tax refund of $468,507 due petitioner W. Page Wodell, all of which refunds have been administratively approved. Additionally, petitioners claim that of the payments that have been made, $2,416,436.26 has been paid on account of the unpaid deficiency of $2,772,496.93, exclusive of interest, see *supra* p. 2; therefore, they assert that the bond should be reduced to $712,121.34 ($2,772,496.93 less $2,416,436.26 times 2). Petitioners further assert that petitioner Lois W. Poinier has paid respondent another $60,000. Petitioners also refer to other sums which they claim should be an offset, e.g., interest on the aforesaid refund of $468,507, which petitioners claim would offset the remaining $1,217,015 of the donee-transferee liability of petitioner W. Page Wodell. Petitioners concede, however, that there is "currently due and unpaid from Mr. Wodell a substantial late payment penalty [addition to tax]."[4]

There appears to be no dispute between the parties that the full $5,225,311.71 transferee liability of petitioner Lois W. Poinier has been paid and that all but $1,685,522 of

---

[4] According to respondent, the amount of such addition is now approximately $67,420.

transferee liability of petitioner W. Page Wodell has been paid.

Petitioners' motion seeks (1) the release of petitioner Lois W. Poinier from the surety bond and of her assets held by the bank as security for its letter of credit, and (2) the reduction of the bond and the letter of credit to $1,217,015 for the remaining petitioners, this amount representing the $1,685,522 which respondent claims as being unpaid by W. Page Wodell less the aforesaid refund of $468,507 or, alternatively, reduction of the present amount of $5,544,993.86 by the $2,952,036.26 which respondent concedes has been paid since the filing of the bond and the issuance of the letter of credit. Respondent opposes any reduction in the amount of the bond or the amount of the letter of credit on the ground that the remaining liability of petitioner Estate of Helen Wodell Halbach exceeds the presently outstanding amount of the bond and letter of credit. As will subsequently appear, we do not fully agree with the position of either party.

We deal first with respondent's assertion that we are without power to reduce the amount of the bond because (1) when the $600,000 was paid in January 1989, no waiver of the restrictions on assessment and collection was in existence and therefore the provision for reduction of the bond, contained in section 7485(a), see *supra* p. 3, does not apply since that provision comes into play only in respect of payments made as a result of such a waiver, and (2) in respect of the further payments aggregating $2,352,036.26, the same reasoning as to the nonexistence of a waiver applies and, additionally, since the decision of this Court has become final, we do not have jurisdiction to reduce the bond. Respondent's position is totally lacking in merit. To say that a waiver is necessary before a payment can be taken into account ignores the obvious fact that the payment itself constitutes a waiver *as to that payment* and makes the existence of a waiver document irrelevant.[5] As far as our losing jurisdiction over the bond after our decisions become final is concerned, if respondent's assertion were correct, the effect would be to read the reduction

---

[5]We also note that, by the express terms of the bond, the restrictions on assessment and collection were waived as of Nov. 30, 1990.

provision out of section 7485(a), since taxpayers normally make payments after a decision becomes final, and it is the absence of such payments which brings the bond into play. Indeed, respondent's position logically would produce the incongruous result of precluding us from releasing bonds after such post-final decision payments fully discharge a taxpayer's obligation—a procedure which the Court has traditionally and routinely followed. See, e.g., *Estate of Schneider v. Commissioner*, 93 T.C. 568 (1989). The cases cited by respondent, which stand for the proposition that we lack jurisdiction to reopen our decisions which have become final in the absence of fraud on the Court, simply have no application to the issue before us. We conclude that we have the power to reduce the bond, at least to the extent of the $2,952,036.26 in payments that have been made.

We now turn to the question whether the amount of the bond should be further reduced. In this respect, petitioners first assert that the amount of the bond should be further reduced by $1,033,892 representing the refunds which appear to have been administratively approved for petitioners Lois W. Poinier and W. Page Wodell.

Before addressing petitioners' assertion, we will deal with the extent of the liability of each petitioner on the bond. Petitioners assert that, because petitioner Lois W. Poinier has fully satisfied her donee-transferee liability and because petitioner W. Page Wodell has satisfied all but $1,217,015 of his donee-transferee liability ($1,685,522 minus $468,507) and since, according to petitioners, the Estate of Helen Wodell Halbach is insolvent,[6] petitioner Lois W. Poinier should be released entirely from her liability on the bond and her assets pledged as security for the letter of credit should likewise be released. Petitioners further assert that the bond of the other two petitioners should be reduced to the aforesaid amount of $1,217,015. Petitioners claim that, otherwise, the donee-transferees will be exposed to liability in excess of their liabilities in such capacity. We disagree.

Initially, we note that the insolvency of the Estate of Helen Wodell Halbach is irrelevant. The fact that such

---

[6]Petitioners' motion papers contain an analysis of the financial position of the estate.

insolvency, if it in fact exists,[7] might add to the liability of the other two petitioners is not an excuse to limit the ability of respondent to collect on the bond. Indeed, such a condition creates the situation for which the bond is designed to afford protection to respondent. More importantly, while the bond does not expressly state the precise nature of the obligation thereunder of each of the petitioners, see *supra* p. 3, we think it clear from the language of the bond and the accompanying letter of credit that the bond created a single obligation of $5,544,993.86 in respect of which each petitioner undertook a liability up to that amount to the extent that the deficiency plus interest due from petitioner Estate of Helen Wodell Halbach was not paid. Such being the case, we are not disposed to relieve petitioner Lois W. Poinier of liability for any reduced amount of the bond or to limit such liability on the part of petitioner W. Page Wodell to the unpaid portion of his donee-transferee liability. If these two petitioners had wished to limit their liability to the amount of their obligation as donee-transferees, they could have done so by filing separate bonds instead of a single bond—a procedure which presumably would have increased the total bonded amount and the accompanying letters of credit and imposed an additional cost on them.

In the context of the foregoing analysis, we turn to the question of whether, and to what extent, the amount of the bond should be reduced by the claims for refund which have been administratively approved, which no longer need to be reported to the Joint Committee on Taxation under section 6405[8] and in respect of which respondent states that he is aware of no other claims for additional taxes which might be asserted as offsets to such refunds (see our prior opinion, 90 T.C. at 64-65). On December 21, 1990, the Court issued an order which provided as follows:

---

[7]We have serious reservations whether we should, in any event, conduct what would amount to an accounting of the estate.

[8]Sec. 6405 was amended by sec. 11834(a) of the Omnibus Budget Reconciliation Act of 1990, Pub. L. 101-508, 104 Stat. 1388-560, to increase to $1 million the limit above which refunds must be reported to the Joint Committee, effective in respect of refunds reported after the effective date of enactment, i.e., Nov. 5, 1990. The refunds involved herein were not reported prior to that date.

ORDERED: That on or before December 31, 1990, petitioners shall file with the Court, or notify the Court in writing of its reasons for not filing, a document addressed to respondent and executed by each petitioner in the above-docketed cases or by their duly authorized representative for handling their claims for refund (in which case proof of such authorization shall be attached) permitting respondent to apply the principal amount of said refunds, and the interest thereon to the extent that petitioners deem appropriate, in an amount determined by a final decision in this proceeding, provided that the aggregate amount so applied shall not exceed the difference between the original amount of the surety bond, i.e., $5,544,993.86, and the amount of payments since the issuance of the bond which may be determined in this proceeding to be a proper reduction in said original amount. Petitioners may include in such document any further qualifications that they deem appropriate.

On December 27, 1990, petitioners responded to this order by means of a letter in which petitioners Lois W. Poinier and W. Page Wodell authorized the application of such refunds as a payment "as part of the liability determined against [her, him] *as transferee* in a final decision in Docket No. [23881-81, 23882-81]" (emphasis added). In light of this limitation, it seems clear that no such application can be made of the refunds due petitioner Lois W. Poinier since her liability as transferee has been satisfied and the application of such refunds to the liabilities of petitioner W. Page Wodell and/or petitioner Estate of Helen Wodell Halbach is not included in the authorization. Consequently, we conclude that the bond should not be reduced by the amount of refunds due petitioner Lois W. Poinier.

In respect of petitioner W. Page Wodell, the application of the refund of $468,507 to him is authorized. Consequently, and in light of the agreement of the parties that all payments relieve each party pro tanto, see *supra* p. 3, we conclude that the amount of the bond should be further reduced by $468,507, representing the principal amount of the refund due petitioner W. Page Wodell. We do not include any amount of interest in such reduction because the parties disagree as to the amount, if any, of such interest.[9] We expressly do not pass upon the allocation of such refund (or, for that matter, any other payments that have been made on account of petitioners' liabilities) as between the principal and interest on the gift tax deficiency,

---

[9]Similarly, we do not deal with the question of interest on the refunds due petitioner Lois W. Poinier where the same disagreement exists.

since our only concern herein is with the amount of the bond.

Finally, we reject petitioners' position that the amount of the bond be reduced to $712,121.34. See *supra* p. 4. Petitioners' calculations do not adequately take into account the unpaid interest on the gift tax deficiency. The effect of petitioners' calculations is to reduce the amount of the bond by $2 for every $1 paid. We are not persuaded that Congress intended so to reduce the protection afforded respondent by the bond. We are satisfied that the use of the word "proportionately" in section 7485 was intended to provide for a dollar-for-dollar reduction in the amount of the bond by the amount paid.

In sum, we conclude that petitioners' motion should be granted to the extent that the amount of the bond should be reduced from $5,544,993.86 to $2,124,450.60[10] in order to reflect the payments of $2,952,036.26 that have been made since the issuance of the bond and the $468,507 refund to petitioner W. Page Wodell and that the amount of the letter of credit be deemed reduced to the same figure, to wit, $2,124,450.60.[11] Otherwise, petitioners' motion will be denied. As to petitioners' request that we order the release of the assets of petitioner Lois W. Poinier, now pledged as security for the letter of credit, this is a matter over which the Court has no jurisdiction and must be arranged between petitioners and the bank.

In reaching our conclusion, we are not unmindful of the fact that the purpose of section 7485 is to provide adequate security to respondent in order to enable him to collect the amounts finally determined to be due. See 90 T.C. at 64. This objective becomes difficult to achieve when the "double amount" limitation in that section is less than the amounts which may become due—a situation that existed herein at the time the bond was issued and has occasionally occurred in the past, see, e.g., *Estate of Kahn v. Commissioner*, 60 T.C. 964, 966 (1973). Indeed, it may occur more frequently today because of the higher interest rates and

[10]This amount will be sufficient to cover not only the remaining liability of petitioner W. Page Wodell for the gift tax deficiency as donee-transferee but also any late payment liability, see *supra* p. 4 and note 4.

[11]The order issued pursuant to this opinion will provide for the furnishing to the Court of a substitute letter of credit in the reduced amount.

the increasing number of cases involving audits and litigation extending over a number of years.[12] But the fact that respondent may not be able to obtain the full protection he seeks does not justify failing to reduce the bond in accordance with the *mandate* of section 7485(a).[13] See *supra* p 3.

*An appropriate order will be issued.*

[12]We note that the rate of interest on the gift tax deficiency herein ranged from 6 percent per annum for periods prior to July 1, 1975, to 20 percent per annum for the period Feb. 1, 1982, to Dec. 31, 1982, and from 9 percent to 16 percent per annum after Dec. 31, 1982, and is presently 11 percent. Since 1982, interest is compounded daily. Sec. 6622.

[13]The authorization to respondent to apply the refund to petitioner W. Page Wodell in payment of his liability arising out of this proceeding which has been filed with the Court will be held by the Court as additional collateral security in accordance with the views expressed in our prior opinion. *Poinier v. Commissioner,* 90 T.C. 63, 65 n.5 (1988).