T.C. Summary Opinion 2004-26


UNITED STATES TAX COURT


JOHN SCOTT KRACKE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 1092-03S.              Filed March 9, 2004.


John Scott Kracke, pro se.

<u>William C. Bogardus</u>, for respondent.


POWELL, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

---

[1]  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency of $19,578 in petitioner's 2000 Federal income tax. The issue is whether $48,000 of the $128,000 payments petitioner made to his former wife constitute deductible alimony payments or, in the alternative, nondeductible child support payments. Petitioner resided in Darien, Connecticut, at the time the petition was filed.

## Background

Petitioner married Julie Skakel (Ms. Skakel-Kracke) on August 4, 1984. Petitioner and Ms. Skakel-Kracke had three children during their marriage: John Scott, Jr. (Scotty), born May 8, 1986; George Maxwell (George), born December 26, 1989; and Claire Hayden, born June 7, 1991. The Superior Court, Judicial District of Stamford/Norwalk, State of Connecticut, entered a Judgment on November 18, 1999, whereby petitioner and Ms. Skakel-Kracke were divorced. The Separation Agreement, executed the same day, provided in pertinent part:

**IV. PERIODIC ALIMONY**

**4.1 The $9K Monthly Base Amount.** In a continuation of Judge Tierney's 1/14/98 *Pendente Lite* Order (No. 110.00) (the "P/L Order"), the per month base amount of $9K (or, $108K/year) shall be paid to the Wife as unallocated periodic alimony and support (the "Periodic Alimony"), which amount is predicated on the Husband's current annual income of $258.7K, as follows: (i) the P/L Order shall continue in full force and effect until the last day of the month during which a judgment (the "Judgment") is entered in the Action; and (ii) on the fourth business day of each succeeding month, the Husband shall pay the Periodic Alimony (subject to the other terms of this Agreement). The monthly amount

shall be reduced by $2K on September 1st of the summer immediately succeeding each of Scotty's and George's graduation from high school. (***Illustration***: Assuming Scotty graduates from high school on 6/20/2004, the Periodic Alimony would step down from $9K per month to $7K per month effective 9/1/2004.)

\*       \*       \*       \*       \*       \*       \*

    **4.2   The Additional Periodic Alimony Re: An Increase in the Husband's Compensation**. \* \* \* [T]he Husband shall pay 20% (the "20% Payment") of the gross amount of any bonuses, commissions or additional salary received in a calendar year \* \* \* to the Wife as additional Periodic Alimony \* \* \*.

Pursuant to the Separation Agreement, petitioner paid Ms. Skakel-Kracke $128,000 in 2000, which consisted of the $9,000 monthly payments plus 20 percent of his bonuses. In preparing his 2000 Federal income tax return, petitioner deducted $128,000 as alimony payments. Respondent, in the notice of deficiency, disallowed $48,000 of the payments ($2,000 each per month for Scotty and George).

Discussion

Section 215(a) allows a deduction for amounts paid for "alimony or separate maintenance payments" that are includable in the recipient's gross income under section 71(a). An alimony or separate maintenance payment is defined by section 71(b). Sec. 215(b). Section 71(c) provides, in pertinent part:

    (c)  Payments to Support Children.--

      (1)  In general.--\* \* \*[Amounts received as alimony or separate maintenance payments] shall not apply to that part of any payment which the terms of the divorce or separation instrument fix (in terms of an amount of money or a part of the payment) as a sum

which is payable for the support of children of the payor spouse.

(2) Treatment of certain reductions related to contingencies involving child.--For purposes of paragraph (1), if any amount specified in the instrument will be reduced--

(A) on the happening of a contingency specified in the instrument relating to a child (such as attaining a specified age, marrying, dying, leaving school, or a similar contingency), or

(B) at a time which can clearly be associated with a contingency of a kind specified in subparagraph (A),

an amount equal to the amount of such reduction will be treated as an amount fixed as payable for the support of children of the payor spouse.

The Separation Agreement provides for a reduction of the unallocated periodic alimony and support payments by $2,000 each for Scotty and George on a certain date after each of their graduations from high school, and that provision is clearly a contingency related to those children. See Hammond v. Commissioner, T.C. Memo. 1998-53 (payments determined to be child support when the payments terminated on the taxpayer's child's 18th birthday); Israel v. Commissioner, T.C. Memo. 1995-500 (payment determined to be child support when contingent on child residing with recipient spouse).

Petitioner asserts that it is inequitable to treat the payments as child support because it was intended by the parties that he would be able to deduct the payments in full. This may

have been what the parties intended, but we cannot rewrite the Separation Agreement. While we may be sympathetic with petitioner's position, this Court also cannot rewrite statutes enacted by Congress in order to reach what may be perceived as a more equitable result. See Commissioner v. Gooch Milling & Elevator Co., 320 U.S. 418 (1943). Respondent is sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

Decision will be entered

for respondent.