COMMISSIONER OF INTERNAL REVENUE *v.*
GOOCH MILLING & ELEVATOR CO.

No. 53.   Argued November 12, 1943.—Decided December 6, 1943.

*Miss Helen R. Carloss,* with whom *Solicitor General
Fahy, Assistant Attorney General Samuel O. Clark, Jr.,*
and *Messrs. Sewall Key* and *Bernard Chertcoff* were on the
brief, for petitioner.

*Mr. D. M. Kelleher,* with whom *Mr. F. W. McReynolds*
was on the brief, for respondent.

Mr. Justice Murphy delivered the opinion of the
Court.

The jurisdiction of the Board of Tax Appeals[1] to deter-
mine and to apply a prior tax overpayment against a tax

---

[1] Section 504 (a) of the Revenue Act of 1942, c. 619, 56 Stat. 798,
957, changed the name of the Board of Tax Appeals to The Tax Court
of the United States.  Section 504 (b) provided that this change in
name was to have no effect on the jurisdiction, powers and duties of
the agency.  See also H. Rep. No. 2333, 77th Cong., 2d Sess., pp.
172–173.

deficiency for a particular year is the sole question presented by this case. The Board held that it did not possess such jurisdiction, but the court below reversed, 133 F. 2d 131. We granted certiorari, 319 U. S. 737, the problem being one of importance in the administration of the revenue laws.

An audit made in 1938 of the books of the respondent corporation disclosed an erroneous valuation of its inventory of June 30, 1935.[2] Because of this error, respondent had been overassessed and had overpaid its income and excess profits taxes for the 1935 fiscal year. This excess payment was not subject to refund because barred by the statute of limitations. On the basis of the adjusted inventory, however, the Commissioner determined that there was a tax deficiency for the 1936 fiscal year. The overpayment of the prior fiscal year exceeded the amount of this deficiency. On appeal to the Board for a redetermination of the deficiency, the respondent sought in its amended petition to have the 1935 overpayment applied as an offset or recoupment against the 1936 deficiency. The Board, consistent with its past decisions,[3] refused to grant this relief "for jurisdictional reasons."

We hold that the Board's position was correct and that it had no jurisdiction to determine or to apply any overpayment of the taxes for the 1935 fiscal year against the 1936 deficiency.

---

[2] The respondent filed its tax returns on the basis of a fiscal year ending on June 30. The inventory of June 30, 1935, was common to successive years, being the closing inventory for the 1935 fiscal year and the opening inventory for the 1936 fiscal year.

[3] See, for example, Appeal of R. P. Hazzard Co., 4 B. T. A. 150; Appeal of Cornelius Cotton Mills, 4 B. T. A. 255; Appeal of Dickerman & Englis, Inc., 5 B. T. A. 633; B. T. Couch Glue Co. v. Commissioner, 12 B. T. A. 1321; Gould-Mersereau Co. v. Commissioner, 21 B. T. A. 1316; Heyl v. Commissioner, 34 B. T. A. 223; Red Wing Potteries v. Commissioner, 43 B. T. A. 841; Elbert v. Commissioner, 2 T. C., No. 113.

The Board is but "an independent agency in the Executive Branch of the Government," [4] and the legislative pattern of its jurisdiction is clear and unambiguous. The Board is confined to a determination of the amount of deficiency or overpayment for the particular tax year as to which the Commissioner determines a deficiency and as to which the taxpayer seeks a review of the deficiency assessment. Internal Revenue Code, §§ 272, 322 (d). It has no power to order a refund or credit should it find that there has been an overpayment in the year in question. *United States ex rel. Girard Trust Co.* v. *Helvering*, 301 U. S. 540, 542. Section 272 (g) of the Internal Revenue Code specifically provides that "the Board in redetermining a deficiency in respect of any taxable year shall consider such facts with relation to the taxes for other taxable years as may be necessary correctly to redetermine the amount of such deficiency, but in so doing shall have no jurisdiction to determine whether or not the tax for any other taxable year has been overpaid or underpaid."

The Board's want of jurisdiction to apply the doctrine of equitable recoupment in this case is manifest from these statutory provisions. The Commissioner assessed a deficiency only for the 1936 fiscal year and it was this assessment of which the respondent sought a review. The Board thus had jurisdiction to do no more than redetermine the 1936 deficiency distinct from any overpayment or underpayment in any prior or subsequent year. There was no occasion here for the Board to exercise its power under § 272 (g) to consider any facts relating to the taxes for the 1935 fiscal year.[5] The redetermination of the tax liability for the 1936 fiscal year was in no way dependent

---

[4] 53 Stat. 158, 26 U. S. C. § 1100.

[5] The Board has not hesitated to exercise its jurisdiction under § 272 (g) to consider the taxes for other taxable years insofar as relevant to the correct redetermination of the deficiency in question. See Evens & Howard Fire Brick Co. *v.* Commissioner, 8 B. T. A. 867;

on any prior tax assessment or overpayment. Likewise, neither the fact that the prior overpayment could no longer be refunded nor the fact that the overpayment exceeded the amount of the deficiency had any relevance whatever to the redetermination of the correct tax for the 1936 fiscal year. The respondent, in other words, was seeking to have the 1935 overpayment used, not as an aid in redetermining the 1936 deficiency, but as an affirmative defense or offset to that deficiency.[6] This necessarily involved a determination of whether there was an overpayment during the 1935 fiscal year. The absolute and unequivocal language of the proviso of § 272 (g), however, placed such a determination outside the jurisdiction of the Board. Thus to allow the Board to give effect to an equitable defense which of necessity is based upon a determination foreign to the Board's jurisdiction would be contrary to the expressed will of Congress.[7]

We are not called upon to determine the scope of equitable recoupment when it is asserted in a suit for refund of taxes in tribunals possessing general equity jurisdiction. Cf. *Bull* v. *United States,* 295 U. S. 247; *Stone* v. *White,*

---

Commercial Trust Co. *v.* Commissioner, 8 B. T. A. 1138; D. N. & E. Walter & Co. *v.* Commissioner, 10 B. T. A. 620; J. C. Blair Co. *v.* Commissioner, 11 B. T. A. 673; *Greenleaf Textile Corp.* v. *Commissioner,* 26 B. T. A. 737, affirmed 65 F. 2d 1017; W. M. Ritter Lumber Co. *v.* Commissioner, 30 B. T. A. 231, 277.

[6] As we said in *Bull* v. *United States,* 295 U. S. 247, 262, "recoupment is in the nature of a defense arising out of some feature of the transaction upon which the plaintiff's action is grounded."

[7] Before § 272 (g) of the Internal Revenue Code was enacted, the Board held that it had jurisdiction to determine an overpayment for a year as to which no deficiency had been found by the Commissioner and to apply that overpayment against the liability for the year as to which he had found a deficiency, thus giving effect to the doctrine of equitable recoupment. Appeal of E. J. Barry, 1 B. T. A. 156. Soon thereafter, however, Congress passed § 274 (g) of the Revenue Act of 1926 (now § 272 (g) of the Internal Revenue Code) taking such jurisdiction away from the Board.

301 U. S. 532. But its use in proceedings before the Board is governed by the circumscribed jurisdiction of that agency. The Internal Revenue Code, not general equitable principles, is the mainspring of the Board's jurisdiction. Until Congress deems it advisable to allow the Board to determine the overpayment or underpayment in any taxable year other than the one for which a deficiency has been assessed, the Board must remain impotent when the plea of equitable recoupment is based upon an overpayment or underpayment in such other year. The judgment of the court below is therefore reversed and that of the Board of Tax Appeals is affirmed.

*Reversed.*