James Frederick Ronan, Jr. v. Commissioner.
Ronan v. Commissioner
Docket No. 130-64.
United States Tax Court
T.C. Memo 1966-165; 1966 Tax Ct. Memo LEXIS 120; 25 T.C.M. (CCH) 864; T.C.M. (RIA) 66165; July 12, 1966
James Frederick Ronan, Jr., pro se, 32 Crosby Rd., Newton, Mass. Raoul E. Paradis, for the respondent. DAWSON
Memorandum Findings of Fact and Opinion DAWSON, Judge: Respondent determined a deficiency in petitioner's income tax for the year 1962 in the amount of $313.99. Petitioner claims an overpayment of $788.10 for the same year. Prior to trial the petitioner moved "to *121 consolidate 1961 and 1963 disallowances" with this proceeding. Such motion was denied at the trial on May 20, 1966, for reasons explained to the petitioner in the record. We will briefly reiterate them here. On October 23, 1964, respondent sent a notice of deficiency to petitioner for the taxable year 1961. The 90-day period during which the petitioner could have invoked the jurisdiction of this Court with respect to the year 1961 expired on January 21, 1965. No petition for a redetermination of the deficiency for 1961 was filed with this Court during such period. As to the year 1963, respondent has never determined a deficiency and, therefore, no statutory notice has ever been issued for that year. The Tax Court has limited jurisdiction. See sections 6211 through 6215, Internal Revenue Code of 1954. It is clear that we do not have jurisdiction over the years 1961 and 1963. Cf. Commissioner v. Gooch Milling & Elevator Co., 320 U.S. 418 (1943). The two issues confronting us for the year 1962 are: (1) what amount is the petitioner entitled to deduct for alimony payments made to his former wife; and (2) what amount is the petitioner entitled to *122 deduct as traveling expenses for using his automobile in connection with his trade or business. Findings of Fact Some of the facts were stipulated by the parties and are so found. James Frederick Ronan, Jr., presently resides in Newton, Massachusetts. During 1962 he lived in Duxbury, Massachusetts, and he filed his individual income tax return for that calendar year with the district director of internal revenue at Boston, Massachusetts. On December 5, 1960, petitioner was divorced from Priscilla D. Ronan under a decree of the Plymouth County Probate Court, Commonwealth of Massachusetts. Priscilla was given custody of their four children. On February 27, 1961, petitioner was ordered to pay Priscilla "the sum of seventy (70) dollars each week for the support of herself and the minor children in her custody * * *." This modification of the original decree was in effect until June 5, 1962, at which time the Plymouth County Probate Court again modified its decree in the following manner: IT IS DECREED that the decree of this Court dated December 5, 1960, and modified February 27, 1961, be, and the same hereby is, further modified in that the libellee is ordered to pay to the *123 libellant the sum of fifty (50) dollars each week for the support of the minor children only, payments to be made through the Probation Officer of the Third District Court of Plymouth. The arrearage on the payments under the previous decrees of the Court is determined to be in excess of twelve hundred (1200) dollars and will remain at the sum of twelve hundred (1200) dollars until the guardian ad litem ascertains that the libellee's income has increased sufficiently to warrant a change in the decree of the Court. * * * In his 1962 Federal income tax return, under a heading entitled "Support For Mother and Four Children," the petitioner claimed an alimony deduction of $3,640. In that year he paid no more than $1,600 to his wife under the terms of their divorce decree. Of this amount only $835 was paid under the decree as modified on February 27, 1961, and it has been allowed by the respondent as an alimony deduction. During the first eight months of 1962 the petitioner worked as a "sales coordinator" for the Brockton Taunton Gas Company of Brockton, Massachusetts. He represented the company's propane gas interests throughout a 900 square mile territory. Petitioner made sales calls *124 in his 1956 Ford, which was used for both business and personal purposes. He began most work days by reporting to one of the seven offices the company maintained within his territory. The distance between these offices and his home in Duxbury ranged as high as 50 miles. In his 1962 Federal income tax return the petitioner claimed no deduction for traveling expenses and stated that he received no "expense allowance or reimbursement" from his employer. The records of Brockton Taunton Gas Company show that petitioner received $400 as reimbursement for his automobile expenses. This amount was paid at the rate of $50 per month for his eight months of employment during 1962. The petitioner incurred no more than $1,016.32 in deductible traveling expenses during 1962. Such amount was allowed by the respondent. Opinion As so often happens when a taxpayer with limited knowledge of the Federal tax laws undertakes to represent himself in a proceeding before this Court, the record made by this petitioner is, to say the least, unsatisfactory. It is sprinkled with inconsistencies and almost wholly devoid of competent evidence. Petitioner has simultaneously raised and conceded [1] in his *125 petition the issue as to alimony payments, and then argued it again at trial. His testimony reveals that out of $3,640 claimed as an alimony deduction on his Federal income tax return, a substantial part of it was never paid. The traveling expenses were not claimed in his tax return, but were later raised to offset the effect of respondent's disallowance of $2,805 of the claimed alimony payments. In view of the decision in Commissioner v. Lester, 366 U.S. 299 (1961), the amount paid ( $835) between January 1, 1962, and June 5, 1962, by petitioner to his wife under the *126 modification decree of February 27, 1961, is deductible as alimony payments under section 215, Internal Revenue Code of 1954. But also under the Lester decision, the payments made by petitioner after June 5, 1962, are not deductible because the modification decree of that date specifically designated that all future payments would be for "the support of the minor children only." See section 71(b), Internal Revenue Code of 1954. Petitioner testified that during 1962 he gave his wife cash "in the neighborhood of" $800. His testimony is vague and uncorroborated. In fact, it appears to be contrary to the modification decree of June 5, 1962, which shows that he was $1,200 in arrears [2] in his payments for the support of his former wife and children. We conclude that the petitioner is entitled to a deduction of $835 for alimony payments made in 1962. This is the amount allowed by the respondent and the only figure supported by the record. Therefore, *127 we sustain the respondent on this issue. Petitioner's proof as to his traveling expenses is likewise meager and unconvincing. He failed completely to substantiate his claimed deduction of $2,008.75 for automobile expenses and depreciation. All we have is his very general, and often inconsistent and unreliable, testimony. He estimated that 95 percent of the use of his automobile was for business purposes; yet it was admittedly used for commuting to work and for other personal purposes. He did not take the salvage value of his automobile into account in determining depreciation. He failed to produce any written record of expenses even though he was required by his employer to file weekly summaries of traveling expenses as part of the company's reimbursement system. He produced no receipts or cancelled checks for the claimed purchases of gasoline, oil, tires, auto servicing and repairing. Under the circumstances we think the respondent's allowance of $1,016.32 for traveling expenses was reasonable, and undoubtedly more than the evidence adduced here warrants. Respondent's determination is presumptively correct and the burden of proof is upon the petitioner to show error therein. Welch v. Helvering, 290 U.S. 111 (1933). *128 All things considered, the ineluctable conclusion to be drawn from this record is that the petitioner has not proved error in the respondent's determination. Hence, we also decide the traveling expense issue in favor of respondent. Since it appears from the deficiency notice dated October 10, 1963, that there may be a net overpayment (not previously refunded) in income tax for the year 1962, Decision will be entered under Rule 50. Footnotes
1. The petition consists solely of the 18 separate communications between respondent and petitioner and his evaluation of them. "Exhibit 17," as set out by petitioner, is a copy of the statutory notice which shows respondent's disallowance of part of the alimony payments. Petitioner's comment about it is as follows: This is a whitewash report keying around the alimony payments again which are not the issue, and are restated to distort the main issue. I am not protesting the alimony finding and have no grounds to do so. This was established long ago and should not be brought into focus again. * * *↩
2. We are satisfied that the arrearages remained at $1,200 throughout 1962. Consequently, there is no question here as to whether payment of arrearages are deductible by petitioner in 1962.↩