DENNIS HOWARD JOHNSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Johnson v. Commissioner
Docket No. 32691-85.
United States Tax Court
T.C. Memo 1986-331; 1986 Tax Ct. Memo LEXIS 280; 51 T.C.M. (CCH) 1652; T.C.M. (RIA) 86331; July 30, 1986. Dennis Howard Johnson, pro se. Elise Alsair, for the respondent. PANUTHOS
MEMORANDUM OPINION PANUTHOS, Special Trial Judge: This case was heard pursuant to the provisions of section 7456(d) of the Internal Revenue Code of 1954 and Rules 180, 181 and 182. [1]
Respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1982 in the amount of $189. The issues for decision are: (1) whether petitioner omitted $1,457 from his jointly filed Federal income tax return, and (2) whether, if petitioner omitted *281 income, he qualifies as an innocent spouse within the meaning of section 6013(e). At the time of filing the petition herein petitioner resided at Cheshire, Connecticut. During 1982 petitioner was married to Joanne M. Johnson (hereinafter Joanne). Sometime after 1982 petitioner separated from his wife and was divorced. Petitioner and Joanne filed a joint Federal income tax return reporting wages of $8,611.55. In his notice of deficiency, respondent determined that Joanne received $1,457 in taxable income from Racquetball Plus, Inc., which amount was not reported on the jointly filed return. Petitioner was aware that Joanne worked for Racquetball Plus, Inc., but did not known the amount of earnings. The adjustments in the notice of deficiency are presumptively correct and the burden of proof is on petitioner to establish error. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). Since petitioner failed to present any evidence to establish error, respondent's determination is sustained with respect to the omitted income. Petitioner argues that the qualifies as an innocent spouse under section 6013(e). In order for petitioner to qualify for relief the *282 following conditions must be satisfied: (e) SPOUSE RELIEVED OF LIABILITY IN CERTAIN CASES.- (1) IN GENERAL.-Under regulations prescribed by the Secretary, if (A) a joint return has been made under this section for a taxable year, (B) on such return there is a substantial understatement of tax attributable to grossly erroneous items of one spouse, (C) the other spouse establishes that in signing the return he or she did not know, and had no reason to know, that there was such substantial understatement, and (D) taking into account all the facts and circumstances, it is inequitable to hold the other spouse liable for the deficiency in tax for such taxable year attributable to such substantial understatement, then the other spouse shall be relieved of liability for tax (including interest, penalties, and other amounts) for such taxable year to the extent such liability is attributable to such substantial understatment. Petitioner has the burden of proving that all requirements for innocent spouse relief are satisfed. Ratana v. Commissioner,662 F.2d 220, 224 (4th Cir. 1981); Sonnenborn v. Commissioner,57 T.C. 373, 380-381 (1971). *283 The parties agree that petitioner filed a joint return for the year in issue and, accordingly, the first requirement is satisfied. We discussed the second requirement in Walker v. Commissioner,T.C. Memo 1985-278 as follows: The second requirement is that there be a substantial understatement of tax attributable to grossly erroneous items of one spouse. "Grossly erroneous items" in section 6013(e)(1)(B) includes any item of gross income attributable to such spouse which is omitted from gross income. Sec. 6013(e)(2)(A). "Substantial understatement" in section 6013(e)(1)(B), (C), and (D) means any understatement of tax (as defined in section 6661(b)(2)(A)) which exceeds $500. Sec. 6013(e)(3). * * * [2]
Respondent argues that there is not a substantial understatement of tax since the tax on the omitted income is $189. Sections 6013(e)(3) and 6661(b)(2)(A). [3] Petitioner argues that the amount to be considered for purposes of a substantial understatement is $1,457 (the omitted income) rather than $189 (the tax on the omitted income). *284 We agree with respondent. Section 6013(e)(1)(B) is clear. It refers to the word "tax" and not "income". Furthermore, sec. 6661(b)(2)(A) defines understatement as "the excess of the amount of tax [emphasis added] required to be shown on the return * * * over the amount of tax [emphasis added] imposed which is shown on the return." Thus there is no doubt that the deficiency of $189 does not qualify as a substantial understatement. Based on the foregoing, petitioner does not qualify under section 6013(e)(1)(B). Further, since all four statutory requirements must be satisfied, and petitioner has failed to satisfy the second requirement we need not consider sections 6013(e)(1)(C) and (D). Estate of Jackson v. Commissioner,72 T.C. 356, 360 (1979). [4]
As a final matter petitioner seeks equitable relief from this Court. While section 6013(e) is remedial in nature, [5] we do not have quality power to avoid the clear language of a statute. Commissioner v. Gooch Co.,320 U.S. 418, 422 (1943)
Decision *285 will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. All rule references are to the Tax Court Rules of Practice and Procedure.↩
2. See Walker v. Commissioner,T.C. Memo. 1985-278↩. 3. Since the liability is attributable to the omission of an item of gross income the provision requiring that the understatement must exceed a specified percentage of the spouse's income does not apply. Section 6013(e)(4)(E).↩
4. See also Walker v. Commissioner,supra.↩
5. See Walker v. Commissioner,supra.↩