T.C. Memo. 2000-31


UNITED STATES TAX COURT


MARY ANN AND WILLIAM J. GARBETT, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 1735-99.                    Filed January 27, 2000.


William J. Garbett, pro se.

<u>Julie A. Howell</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


ARMEN, <u>Special Trial Judge</u>:  Respondent determined a
deficiency in petitioners' Federal income tax for the taxable
year 1996 in the amount of $248.

After a concession by respondent,[1] the issue for decision is whether the Court has jurisdiction to grant the relief requested by petitioners.  We hold that we do not.

### FINDINGS OF FACT

The parties stipulated a copy of petitioners' income tax return for 1996, but did not stipulate any other documents or to any facts.

Petitioners resided in San Jose, California, at the time that the petition was filed with the Court.

Petitioners timely filed an income tax return for 1996, utilizing Form 1040EZ for that purpose.  On their return, petitioners reported the wages earned by petitioner Mary Ann Garbett as a data entry operator for Santa Clara County ($29,565.84).  Petitioners then reduced their income by $11,800, representing two personal exemptions (2 x $2,550) and the standard deduction applicable to a married couple filing jointly ($6,700), reporting taxable income in the amount of $17,765.84. Utilizing the tax table, petitioners reported tax liability in the amount of $2,666 and then, based on tax withheld from the

---

[1]  Respondent concedes that petitioners are not liable for any deficiency in income tax for the year in issue.

wages of petitioner Mary Ann Garbett in the amount of $3,471.94, claimed a refund in the amount of the difference, or $805.94.[2]

As stated above, petitioners utilized Form 1040EZ to report their tax liability and claim a refund for 1996.  Form 1040EZ, like Form 1040A (the so-called "short form") and Form 1040 (the so-called "long form"), asks the taxpayer whether he or she wants to designate $3 of his or her income tax liability to go to a fund that helps pay for Presidential election campaigns.  See secs. 6096, 9006(a);[3] Buckley v. Valeo, 424 U.S. 1 (1976) (upholding the constitutionality of the relevant statutes).  The taxpayer is then expected to check either "yes" or "no" in answer to the question.  In the case of a joint return, the form also asks the taxpayer-spouse whether she or he wants $3 to go to such fund, and the taxpayer-spouse separately checks "yes" or "no".  On their Form 1040EZ for 1996, petitioners each checked "no" in answer to the Presidential election campaign fund question.

---

[2]  At trial, petitioner William J. Garbett testified that petitioners received a refund check from the Internal Revenue Service in the amount of $805, which petitioners cashed.

[3]  All section references are to the Internal Revenue Code of 1986, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

In the notice of deficiency,[4] respondent determined that
petitioners received Social Security benefits in 1996 and that a
portion of such benefits was subject to income tax. See sec. 86.
Subsequently, respondent concluded that such benefits do not have
tax consequences to petitioners in 1996, and respondent conceded
the deficiency in full.[5]

OPINION

Petitioners seek relief that goes beyond respondent's
concession that petitioners are not liable for any deficiency in
income tax for 1996. Basically, petitioners request the Court to
issue a mandatory injunction requiring respondent to (1)
eliminate the Presidential campaign election checkoff from the
Form 1040-series of individual income tax returns and (2) revise
the instructions for Form 1040EZ regarding the reporting of
Social Security benefits.

Regarding their first request, petitioners contend that
because the President is not elected by the people but rather by
the Electoral College, the Presidential election campaign fund is

---

[4] The notice of deficiency, which is dated Oct. 28, 1998,
incorporates a so-called "30-day letter" dated Aug. 5, 1998. See
Rule 142(a); cf. sec. 7491.

[5] The record does not include the basis for respondent's
concession. The petition suggests that petitioners may have
received Social Security benefits in the amount of $11,598. If
this were the case, then respondent's determination in the
deficiency notice that $1,682 of such amount was taxable would
appear to be consistent with the provisions of sec. 86.

"bogus" and "a fraud and a sham".  Petitioners also allege that respondent bullies taxpayers into responding affirmatively to the checkoff question, i.e., into designating $3 to go to the fund.

Regarding their second request, petitioners contend that there is a "material deficiency" in Form 1040EZ in that the form does not include a schedule designed to determine whether, and if so how much of, a taxpayer's Social Security benefits are taxable.  In petitioners' view, the worksheet that appears in the Form 1040EZ Instructions is inadequate because it is not designed to be filed with the return and is therefore not available to respondent's agents when examining returns.

The Tax Court is a court of limited jurisdiction.  See sec. 7442; Estate of Young v. Commissioner, 81 T.C. 879, 881 (1983).  This means that we have only such jurisdiction as the Congress has chosen to confer on us by statute.  See Commissioner v. Gooch Milling & Elevator Co., 320 U.S. 418, 420-422 (1943); Medeiros v. Commissioner, 77 T.C. 1255, 1259 (1981).  Insofar as the power to enjoin is concerned, the Congress has conferred jurisdiction only in limited and specific circumstances.  See, e.g., secs. 6213(a), 6512(b)(2).  Such circumstances are not present in the instant case, and we therefore lack jurisdiction to grant (or deny) the relief requested by petitioners.

Petitioners may care to present their concerns regarding the Presidential election fund to their elected representatives.

Petitioners may also care to present their suggestions regarding IRS forms and instructions to the Commissioner.  See secs. 7801(a), 7802(d), 7805(a), 6001, 6011(a).

We have considered other arguments made by petitioners and find them to be without merit.

To reflect the foregoing,

Decision will be entered for petitioners based on respondent's concession of no deficiency for the year in issue.