T.C. Memo. 2004-62

UNITED STATES TAX COURT

MARCI L. & CARL C. VOIGT, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13883-01.                    Filed March 11, 2004.

Marci L. and Carl C. Voigt, pro sese.

<u>Wesley F. McNamara</u> and <u>Thomas J. Travers</u>, for respondent.

MEMORANDUM OPINION

THORNTON, <u>Judge</u>:  This case is before us on respondent's
motion for entry of decision.

## Background

The following factual summary is based on the pleadings, the
parties' admissions, and undisputed allegations in respondent's
motion for entry of decision.  This factual summary is set forth

solely for purposes of deciding respondent's motion for entry of decision; it does not constitute findings of fact.

On their jointly filed 2000 Federal income tax return, petitioners claimed four dependency exemption deductions, a $2,396 earned income credit (EIC), and a $225 wage withholding credit, resulting in a $2,621 claimed refund. Respondent remitted $1,725 (plus interest) of petitioners' claimed refund to the State of Idaho in satisfaction of petitioner Carl Voigt's (petitioner) unpaid child support obligation, pursuant to section 6402(c).[1] Petitioners do not dispute this payment to the State of Idaho. Respondent also alleges that on May 25, 2001, he paid the $896 balance (plus interest) of petitioners' claimed refund to petitioner Marci Voigt pursuant to an Injured Spouse Claim and Allocation request (Form 8379) that she filed with respondent. Petitioners dispute ever receiving this payment.

By notice of deficiency dated October 12, 2001, respondent disallowed petitioners' claimed EIC and two of their claimed dependency exemption deductions, asserting a $2,910 deficiency. The parties are now in substantial agreement about the items reflected in the notice of deficiency: petitioners concede that they are not entitled to their claimed EIC; respondent concedes that petitioners are entitled to the four dependency exemption

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

deductions they claimed on their 2000 tax return.  The parties agree that, taking into account only these concessions, petitioners' 2000 deficiency is $2,396.  Petitioners contend, however, that their tax liability should be reduced to reflect what they allege to be respondent's nonpayment of the $896 balance of their 2000 claimed refund.

On June 23, 2003, this case was called for trial from the calendar for the regularly scheduled session of the U.S. Tax Court in Boise, Idaho.  Counsel for respondent and petitioner made their appearances and were heard.  Counsel for respondent stated, and petitioner agreed, that "the parties have reached an agreement as to the amount of the deficiency due" but that petitioner "wishes still to contest the * * * allocation of payments from the refund."[2]  Counsel for respondent moved the Court to deny petitioner's claim for lack of jurisdiction.  The Court ordered respondent to file a written motion within 7 days.  Respondent never filed the written motion as ordered by the Court.  Instead, on July 8, 2003, in a conference call with the parties and the Court, respondent's counsel withdrew his oral

---

[2] Petitioner Carl C. Voigt (petitioner) clarified that he was contesting only whether respondent ever paid the balance of petitioners' claimed refund that allegedly remained after respondent made payment to the State of Idaho to offset petitioner's child support obligation, pursuant to sec. 6402(c).  Petitioner stated with regard to the sec. 6402(c) offset:  "I've done my research on that.  The State of Idaho does show a credit to previous owed child support for the son listed, sent to them. That's not in contention."

jurisdictional motion.  On July 14, 2003, respondent filed a motion for entry of decision.  By Order dated July 15, 2003, the Court directed that petitioners could respond to respondent's motion on or before August 14, 2003.  The Court has received no response from petitioners.

## Discussion

### A.  Jurisdiction

The Tax Court is a court of limited jurisdiction; we may exercise our jurisdiction only to the extent authorized by statute.  Sec. 7442; Commissioner v. Gooch Milling & Elevator Co., 320 U.S. 418, 420 (1943).  By statute, this Court is authorized to redetermine the amount of a deficiency for a particular taxable period as to which the Commissioner issued a notice of deficiency and the taxpayer petitioned the Court for review.  See secs. 6212, 6213, and 6214.  This Court also has jurisdiction to determine the amount of any overpayment a taxpayer might have made for a year that is properly before the Court on a petition to redetermine a deficiency.  Sec. 6512(b)(1).  If the Court determines that there is such overpayment, then the "amount of such overpayment * * * shall, when the decision of the Tax Court has become final, be credited or refunded to the taxpayer."  Id.

Petitioners received a notice of deficiency with respect to their 2000 tax year and duly petitioned this Court to redetermine

the deficiency. Accordingly, this Court has jurisdiction to redetermine the deficiency and to determine the amount of any overpayment. See secs. 6214(a), 6512(b)(1), 7442. As explained more fully below, our jurisdiction extends to the entire subject matter of petitioners' correct tax for their 2000 tax year and encompasses their contention that they never received part of their claimed 2000 refund. See Naftel v. Commissioner, 85 T.C. 527, 532-535 (1985).

B.  Adequacy of the Pleadings

In his motion for entry of decision, respondent contends that petitioners did not plead the disputed refund issue and accordingly "should not be allowed to raise new issues at the calendar call". As stated in Rule 31(a):  "The purpose of the pleadings is to give the parties and the Court fair notice of the matters in controversy and the basis for their respective positions."  It is evident that respondent had fair notice of petitioners' contention regarding the disputed refund: respondent's counsel addressed the issue in both his June 5, 2003, trial memorandum, which he submitted to the Court about 2 weeks before the scheduled trial session, and in a conference call with the parties and the Court before the scheduled trial session.  In neither instance did respondent complain about petitioners' failure to plead the disputed refund issue. Moreover, in making his original (withdrawn) jurisdictional

motion at the calendar call, respondent raised no objection as to the adequacy of the pleadings. Having brought the disputed refund issue to the Court's attention both before the scheduled trial session and at calendar call, and having orally moved the Court to consider the issue (albeit in a motion to dismiss for lack of jurisdiction), respondent is scarcely in a position to complain now that the issue is not properly before us or that he would be surprised or prejudiced by our considering it. Taking into account petitioners' status as pro se litigants and seeking to accomplish substantial justice, we deem the issue of the disputed refund to have been raised with respondent's implied consent; accordingly, we treat this issue as if it had been raised in the pleadings. Cf. Rule 41(b); Wilson v. Commissioner, T.C. Memo. 1994-454 n.1; Swope v. Commissioner, T.C. Memo. 1990-82 n.6.

C. Might the Disputed Refund Check Affect the Amount of the Deficiency or Give Rise to an Overpayment Claim?

On the merits of his motion for entry of decision, respondent contends:

> No matter whether the [disputed refund] check was received or not, the amount of the deficiency in this case, as defined by I.R.C. § 6211, is unaffected. In addition, given the amount of the agreed deficiency in this case ($2,396.00), the amount of the check ($896.00) is too small to produce an overpayment. Thus, although the payment of the check is relevant to a calculation of the balance due from petitioners, it is not relevant to the calculation of the deficiency and is too small to raise any chance of an overpayment.

Receipt is therefore immaterial to the issues before the Court.

As explained more fully below, we agree that petitioners' claim with respect to the disputed refund check does not decrease the amount of the otherwise agreed-upon deficiency and cannot give rise to an overpayment in the present circumstances.

1. No Effect on the Agreed-Upon Deficiency

The disputed refund check is immaterial to the calculation of petitioners' deficiency. "Deficiency" is a term of art defined in section 6211. Generally speaking and as relevant herein, a deficiency is simply the amount by which the "tax imposed" under the law exceeds the amount of tax shown on the return. Sec. 6211(a). The determination of a deficiency under section 6211(a) does not take into account payment or nonpayment of a claimed EIC. See Wilson v. Commissioner, T.C. Memo. 2001-139. Moreover, the amount of a deficiency is determined without regard to the amount of taxes withheld on a taxpayer's income. See sec. 6211(a) and (b)(1); Keefe v. Commissioner, 15 T.C. 947, 955-956 (1950).

In the instant case, the "tax imposed" on petitioners' 2000 income is zero. The tax shown by petitioners on their 2000 tax return was negative $2,396; i.e., the amount of EIC they showed on their 2000 tax return and which they now concede is not

allowable.[3]  See sec. 6211(b)(4).  Accordingly, whether or not petitioners ever received the disputed refund check, the deficiency is $2,396; i.e., the excess of $0 over negative $2,396.

>    2.  No Overpayment Claim

The amount of the disputed refund check is too small to create an overpayment.  The term "overpayment" has been interpreted to mean "any payment in excess of that which is properly due."  Jones v. Liberty Glass Co., 332 U.S. 524, 531 (1947); see also United States v. Dalm, 494 U.S. 596, 609 n.6 (1990) ("The commonsense interpretation is that a tax is overpaid when a taxpayer pays more than is owed, for whatever reason or no reason at all.").  As relevant here, section 6401(b) provides that if the amount "allowable" as refundable credits, such as the wage withholding credit under section 31 and the EIC under section 32, exceeds the "tax imposed", the excess "shall be considered an overpayment."

It is undisputed that for the year at issue, petitioners have an allowable section 31 wage withholding credit of $225

---

[3] Pursuant to sec. 6211(b)(4), as relevant herein, any excess of the amount of earned income credit (EIC) claimed by the taxpayer over the amount of tax due shown on the return without regard to the EIC is taken into account as a negative amount of tax.  On their 2000 return, petitioners claimed a $2,396 EIC. The amount of tax due shown on the return, without regard to the EIC, was zero.  Accordingly, under sec. 6211(b)(4), the $2,396 excess of the former amount over the latter amount is treated as a negative amount of tax.

(indeed, respondent contends that he has already paid out petitioners' claimed overpayment, which includes this $225 amount).[4]  As previously noted, the tax imposed on petitioners' 2000 income is zero.  Accordingly, if we were to find that respondent never paid out the part of petitioners' claimed overpayment attributable to their $225 wage withholding credit, then, pursuant to section 6401(b), $225 (the excess of $225 over zero) would be considered an overpayment, at least viewed in isolation.

Our analysis, however, does not end there, for ultimately, in determining whether petitioners have made an overpayment, the question is not how this $225 item should be viewed in isolation but whether petitioners have made "payment in excess of that which is properly due."  Jones v. Liberty Glass Co., supra at 531.  The answer to that question is clearly no.  Although the tax imposed on petitioners' 2000 income is zero, there remains an agreed deficiency of $2,396, due to their erroneously claiming the EIC on their return.  Of that sum, it is undisputed that $1,725 has been refunded to them or for their benefit.  If we were to assume, as petitioners claim, that the $896 disputed refund check went astray and that petitioners' $225 wage

---

[4] Inasmuch as petitioners concede that they were not entitled to the EIC claimed on their 2000 tax return, the EIC is not an "allowable" credit and so is not considered in determining the existence or amount of an overpayment pursuant to sec. 6401(b).

withholding credit was included in that check, then petitioners have yet to pay the IRS (and the IRS would be entitled to collect from them) $1,500 ($1,725 minus $225) of the $2,396 deficiency (plus interest).  In short, even if petitioners' allegations about their nonreceipt of the disputed refund check were assumed to be true, there would be no "payment in excess of that which is properly due."  Jones v. Liberty Glass Co., supra at 531. Accordingly, petitioners are not in a position to invoke our overpayment jurisdiction.

In conclusion, because petitioners' claim with respect to the disputed refund check cannot affect the amount of the deficiency otherwise agreed upon and cannot in these circumstances give rise to a claim for an overpayment, there remains no material issue of fact relevant to disposing of this case.  Accordingly, we must grant respondent's motion for entry of decision.[5]

An order granting respondent's

motion will be entered.

---

[5] Although we are unable to address petitioners' claim regarding the disputed refund check, they are not without a remedy.  They may pay the assessed deficiency, file a claim for refund with the Internal Revenue Service, and if the claim is denied, sue for a refund in the Federal District Court or the Court of Federal Claims.