T.C. Memo. 2011-221

UNITED STATES TAX COURT

THOR AND MARILYN SOLBERG, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15208-10.                    Filed September 12, 2011.

Thor and Marilyn Solberg, pro sese.

<u>Christopher A. Pavilonis</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

GOEKE, <u>Judge</u>:  Respondent determined a deficiency of $981 in petitioners' 2005 Federal income tax.  After a concession,[1] the sole issue to be decided is whether this Court has jurisdiction to find an overpayment of $48,881 for the deficiency year based

_____

[1]Respondent concedes the $981 deficiency on the basis of a computational math error for the 2005 taxable year.

on alleged overpayments from prior years.  As decided hereinafter, we do not have jurisdiction.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

At the time the petition was filed, petitioners resided in Florida.  Petitioners maintain that they are entitled to a tax refund based on an overpayment for 2005 generated by the carryforward of overpayments from 2004 and other years before 2005.  Respondent claims pursuant to section 6214(b)[2] that this Court lacks jurisdiction to determine an overpayment for any year besides the year properly at issue, which is 2005.  Respondent argues further that this Court cannot go back and redetermine the potential refunds that petitioners claim they are entitled to for any year except 2005.  Determination of an overpayment for 2005 would necessitate the determination of overpayments for 2004 and other prior years, and respondent claims this to be outside of the Court's jurisdiction.

OPINION

This Court is one of limited jurisdiction, and it may exercise its jurisdiction only to the extent authorized by statute.  Sec. 7442; see GAF Corp. & Subs. v. Commissioner, 114 T.C. 519, 521 (2000).  Our jurisdiction to redetermine the amount

---

[2]All section references are to the Internal Revenue Code, as amended.

of a deficiency is premised on the issuance of a valid notice of deficiency followed by a timely filing of a petition. Id. Once validly exercised, our "jurisdiction extends to the entire subject matter of the correct tax for the taxable year", Naftel v. Commissioner, 85 T.C. 527, 533 (1985), including the taxpayer's claim of an overpayment of tax, see sec. 6512(b)(1).

In determining the correct tax for the taxable year, section 6214(b) allows us to "consider such facts with relation to the taxes for other years * * * as may be necessary" but explicitly deprives us of "jurisdiction to determine whether or not the tax for any other year * * * has been overpaid or underpaid".

We have previously construed section 6214(b) as granting us the authority for "computing, as distinguished from 'determining,' the correct tax liability for a year not in issue when such a computation is necessary to a determination of the correct tax liability for a year that has been placed in issue." Lone Manor Farms, Inc. v. Commissioner, 61 T.C. 436, 440 (1974), affd. without published opinion 510 F.2d 970 (3d Cir. 1975).

Petitioners have asked us to do much more than merely compute the correct tax liability for a nondeficiency year. Petitioners exhort us to determine an overpayment for the deficiency year based on crediting overpayments from nondeficiency years to 2005. We read section 6214(b) as preventing us from doing so. See Commissioner v. Gooch Milling &

Elevator Co., 320 U.S. 418, 420-421 (1943); Porter v. Commissioner, T.C. Memo. 2010-154.

Petitioners have not been issued a notice of deficiency of which the Court is aware for tax year 2004 or any of the prior years. The only tax year before the Court is 2005. Petitioners make no argument about the notice of deficiency at issue. This Court lacks jurisdiction to make the determinations that are prerequisites for ruling favorably on petitioners' claim for an overpayment for 2005.

The Court has considered all of petitioners' contentions, arguments, requests, and statements. To the extent not discussed herein, we conclude that they are meritless, moot, or irrelevant.

To reflect the foregoing,

An appropriate decision will be entered.