T.C. Memo. 2016-72

UNITED STATES TAX COURT

HORACE MONROE CHAMBERS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22032-14.                    Filed April 21, 2016.

Horace Monroe Chambers, pro se.

<u>Randall Craig Schneider</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

KERRIGAN, <u>Judge</u>:  Respondent determined a deficiency of $3,441 and

additions to tax under section 6651(a)(1) and (2) of $774 and $465, respectively,

with respect to petitioner's Federal income tax for tax year 2011.

Unless otherwise indicated, all section references are to the Internal

Revenue Code in effect for the year at issue, and all Rule references are to the Tax

**[*2]** Court Rules of Practice and Procedure. We round all dollar amounts to the nearest dollar.

The issues for our consideration are whether petitioner received unreported taxable income of $35,257 and whether petitioner is liable for additions to tax under section 6651(a)(1) and (2).

### FINDINGS OF FACT

Petitioner resided in California when he filed the petition.

For tax year 2011 petitioner did not file an income tax return. Pursuant to section 6020(b), respondent completed a substitute for return for petitioner for tax year 2011. Respondent allowed petitioner one exemption and the standard deduction.[1] The income shown on the return is $35,257.

Petitioner is an annuitant of the Civil Service Retirement System (CSRS). The records of the Office of Personnel Management (OPM) show that in tax year 2011 petitioner received a gross annuity of $46,392. The records also reflect that $35,257 was distributed to petitioner and $11,134 was distributed to his former spouse.

---

[1]Petitioner does not contend that he had itemized deductions and did not dispute the standard deduction.

**[*3]**   Respondent concedes that petitioner's gross annuity distribution amount should have been reduced by $3,152.  This reduction reflects petitioner's contributions to his retirement plan.

OPINION

Petitioner has the burden of proving that respondent's determinations are in error, including the determination of unreported income.  See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  The U.S. Court of Appeals for the Ninth Circuit, to which an appeal in this case would lie, see sec. 7482(b)(1)(A), has held that for the presumption of correctness to attach to the notice of deficiency in unreported income cases such as this, the Commissioner must establish "some evidentiary foundation" connecting the taxpayer with the income-producing activity or demonstrating that the taxpayer actually received unreported income, see Weimerskirch v. Commissioner, 596 F.2d 358, 361-362 (9th Cir. 1979), rev'g 67 T.C. 672 (1977); see also Edwards v. Commissioner, 680 F.2d 1268, 1270-1271 (9th Cir. 1982) (holding that the Commissioner's determination of a deficiency is presumptively correct once some substantive evidence is introduced demonstrating that the taxpayer received unreported income).  If the Commissioner introduces some evidence that the taxpayer received unreported income, the burden shifts to the taxpayer, who must establish by a preponderance

**[*4]** of the evidence that the deficiency was arbitrary or erroneous. See Hardy v. Commissioner, 181 F.3d 1002, 1004 (9th Cir. 1999), aff'g T.C. Memo. 1997-97. Respondent has established that evidentiary foundation. Moreover, petitioner has not claimed or shown that he meets the requirements of section 7491(a) to shift the burden of proof to respondent as to any relevant factual issue.

I.     Unreported Income

Section 61(a) provides: "[G]ross income means all income from whatever source derived, including (but not limited to) the following items: * * * (11) Pensions". Petitioner does not dispute that he received $35,257 from CSRS in tax year 2011. Rather, petitioner contends that OPM has miscalculated his annuity. Petitioner believes that he should have received a higher amount. Petitioner contends that the amount on the notice of deficiency is incorrect.

Petitioner's contention as to the proper amount of his annuity for tax year 2011 is not an issue that is properly before this Court. The Tax Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by Congress. See sec. 7442; Naftel v. Commissioner, 85 T.C. 527, 529 (1985); see also Commissioner v. Gooch Milling & Elevator Co., 320 U.S. 418, 420-422 (1943). This Court lacks jurisdiction over the allocation or amount of petitioner's annuity payments.

**[*5]**   Petitioner does not dispute that he received $35,257.  Respondent included this amount on the substitute for return.  We conclude petitioner's taxable income for 2011 is the $35,257 of income from his annuity distribution less his $3,152 of contributions to his retirement plan.

II.   Additions to Tax

Under section 7491(c) the Commissioner bears the burden of producing evidence with respect to the liability of the taxpayer for any addition to tax.  See Rule 142(a); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).  Once the Commissioner meets this burden, the taxpayer must come forward with persuasive evidence that the Commissioner's determination is incorrect.  Higbee v. Commissioner, 116 T.C. at 446-447.

A.   Section 6651(a)(1)

Section 6651(a)(1) authorizes the imposition of an addition to tax for failure to file a timely return unless the taxpayer proves that such failure is due to reasonable cause and is not due to willful neglect.  See United States v. Boyle, 469 U.S. 241, 245 (1985); Harris v. Commissioner, T.C. Memo. 1998-332.  Petitioner did not file a tax return for 2011.  Respondent's records show there was no tax return filed for tax year 2011.  Respondent has met the burden of production under section 7491(c).  Petitioner did not show reasonable cause for his failure to file a

**[*6]** timely tax return.  Therefore, petitioner is liable for the addition to tax under section 6651(a) for tax year 2011.

B.    Section 6651(a)(2)

Section 6651(a)(2) imposes an addition to tax for failure to timely pay the amount shown on a return.  In a case such as this where the taxpayer did not timely file a return for the tax year at issue, the Commissioner must introduce evidence that a valid substitute for return was made pursuant to section 6020(b).  Sec. 6651(g)(2).  Petitioner did not dispute the validity of the substitute for return. Petitioner did not show reasonable cause for his failure to pay the amount shown as due on his tax return.

We hold that petitioner is liable for the addition to tax under 6651(a)(2) for tax year 2011.

Any contentions we have not addressed are irrelevant, moot, or meritless.

Because the amounts of the deficiency and the additions to tax must be reduced to account for petitioner's contributions of $3,152 to his retirement plan,

Decision will be entered

under Rule 155.